857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Rozier THORNTON, Defendant-Appellant.
 No. 88-5519.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 29, 1988.
Decided: Sept. 1, 1988.
 
 David Preston Baugh, for appellant.
 Henry E. Hudson, United States Attorney, N. George Metcalf, Assistant United States Attorney, for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Rozier Thornton was convicted of five counts of unlawful receipt of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(h)(1). Finding his challenge to remarks made during the United States' closing argument to be without merit, we affirm the convictions.
 
 
 2
 An undercover "sting" operation began in early 1986. Law enforcement officials set up a business known as VHR Electronics in Richmond, Virginia. The "company" bought any type of personal property. Officials intended to apprehend persons peddling stolen property and to recover stolen property. Transactions were videotaped.
 
 
 3
 Thornton admitted at trial that he burglarized homes, stole guns, and sold the guns to the undercover officers. His affirmative defense was entrapment. Thornton's position was that officers induced him to commit the crimes and that but for such inducement he would not have broken the law.
 
 
 4
 The case turned on credibility. Police denied encouraging Thornton to commit crimes to obtain property. One videotape directly refuted Thornton's testimony that he was told on his first visit to the store that the vendors were interested in obtaining guns.
 
 
 5
 The United States' closing argument focused on this crucial credibility issue. Our review of that argument does not reveal any impropriety. When a criminal defendant elects to testify his lack of credibility and motive to fabricate are proper subjects for closing argument so long as the prosecutor does not inject his personal opinion of the defendant's lack of credibility. See United States v. Durrani, 835 F.2d 410, 424 (2d Cir.1987); United States v. Carleo, 576 F.2d 846, 852 (10th Cir.), cert. denied, 439 U.S. 850 (1978).
 
 
 6
 Accordingly, as the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of conviction is affirmed.
 
 
 7
 AFFIRMED.